**LENARD E. SCHWARTZER**
2850 S Jones Blvd, Suite 1
Las Vegas, NV 89146
(702) 2307-2022

TRUSTEE

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>JAMES A. HULIN and MICHELLE M. HULIN,<br><br>                                Debtor(s) | Case No. BK-S 09-23231 LBR<br><br>IN PROCEEDINGS UNDER CHAPTER 7<br><br>TRUSTEE'S MOTION TO SELL THE ESTATE'S ONE-HALF INTEREST IN REAL PROPERTY FREE AND CLEAR OF LIENS<br><br>Date:  September 22, 2010<br>Time:  11:00 a.m.<br>Place:  Foley Bldg., Third Floor |

LENARD E. SCHWARTZER, Trustee, moves this Court for authority to sell real property free and clear of liens, and alleges:

1. Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on July 23, 2009, and LENARD E. SCHWARTZER is the appointed and acting trustee in this matter.

2. An asset of this estate is a one-half (½) interest in real property commonly known as 1251 Surrett Drive, High Point, North Carolina, ("Property"), more particularly described as follows:

BEGINNING at an established iron pin on the East side of Surrett Drive on the North side of the ramp right of way of highway 29-70, now Business I-85; running thence along the East right of way line of Surrett Drive the following courses and distances: North 13 deg. 31' 20" West 83.16 feet to an EIP; North 11 deg. 45' 23" West 156.05 feet to an ECM; and North 11 deg. 44' 53" West 58.97 feet to a new iron pin on the South side of a Duke Power right of way; running thence along the South side of said right of way North 56 deg. 56' 33" East 236.96 feet to an iron pin in the middle of a creek; running thence along the creek the following courses and distances: South 09 deg. 02' 28" East 117.93 feet to an iron pin; South 23 deg. 33' 36" East 54.06 feet to an iron pin; South 53 deg. 10' 01" East 39.05 feet to an iron pin; South 87 deg. 51' 21"

East 76.52 feet to an iron pin; and South 77 deg. 09' 45" East 284.62 feet to an iron pin; thence leaving said creek and running South 00 deg. 07' 53" West 117.40 feet to an EIP; running thence South 00 deg. 07' 51" West 273.82 feet to an NIP a corner of Duke Refining (Deed Book 1980 Page 676) in the North right of way of the ramp right of way of Highway 29-70 (Business I-85); running thence along the North side of said ramp a curve to the left with a radius equal 775.91 feet with a chord bearing and distance of north 62 deg. 35' 27" West 367.09 feet to an EIP; continuing thence along the North right of way line of said ramp North 76 deg. 16' 25" West 240.83 feet to an EIP in the East side of Surrett Drive, the point and place of BEGINNING. The same containing 4.63 acres more or less.

Guilford County Tax Parcel No 180000790000100014

3. An offer to purchase the Estate's ½ interest in the Property has been made under the following terms and conditions:

| | |
|---|---|
| Buyer: | JOHN R. RAINES |
| Price: | $133,400.00 |
| Payable: | Cash at time of closing |
| Conditions: | Subject to Bankruptcy Court approval<br>Subject to estate paying one-half of the normal closing costs at close of escrow, including taxes and assessments |

See the attached Offer, marked Exhibit "1" and incorporated herein by reference.

4.    Debtors' scheduled the value of their one-half interest in the property at $242,500.00. Buyer obtained a recent appraisal, dated July 2, 2010, which appraised 100% of the property at $425,000.00. A copy of the July 2, 2010 appraisal is attached hereto, marked Exhibit "2" and incorporated herein by reference. Based upon the July 2, 2010 appraisal, the Trustee calculated the proper sales price for the Debtor's 50% interest as follows:

| | | |
|---|---|---|
| July 1, 2010 Appraisal | | $425,000 |
| Less 25% reduction for quick sale | | $106,250 |
| Likely sales price | | $318,750 |
| Less 10% costs of sale | | $ 31,875 |
| | | $286,875 |
| Less mortgage payoff | $ 20,000 | |
| Net Sales Price (100%) | | $266,875 |
| 50% | | $133,437 |

5. The Trustee calculated the appropriate price at $133,437 for the estate's one-half interest in the Property by letter dated July 14, 2010. A copy of the letter is attached hereto, marked Exhibit "3" and incorporated herein by reference. This counteroffer was accepted by the proposed Buyer.

6. Based upon the foregoing, the Trustee believes that the sale for $133,400.00 is a fair price and is in the best interest of the unsecured creditors. It is in the best judgment of the Trustee that this sale will bring the highest return to the estate.

7. The Trustee also points out (a) the sale of one-half interest in the Property would bring a reduced price, and (b) the proposed sale saves the cost of litigation to sell the non-debtor's interest in the property.

8. The Trustee believes that there are no other liens against the property except for the mortgage and real estate taxes. If other liens arise at the time of closing, they will either be paid or sufficient funds to pay them will be left in escrow.

## MEMORANDUM OF LAW

The duties of a trustee in a Chapter 7 filing are enumerated in 11 U.S.C. 704, which provides that:

> The trustee shall--
> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

11 U.S.C. 363(b)(1) provides that:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

## CONCLUSION

WHEREFORE, Trustee prays for an order authorizing (1) the sale of one-half interest in the Property free and clear of liens under the terms and conditions set forth herein, (2) paying one-half of the normal closing costs at close of escrow, including taxes and assessments, and (3) the execution of any and all documents necessary to effectuate the sale of the Property to JOHN R. RAINES for the sum of $133,400.00.

Dated: August 11, 2010

LENARD E. SCHWARTZER
Trustee

3

July 29, 2010

Lenard E. Schwartzer
U.S. Bankruptcy Court Panel Trustee
2850 So. Jones Blvd. Ste., 1
Las Vegas, NV 89146

RE: James and Michelle Hulin
BK 09-23231 LBR

Dear Mr. Schwartzer,

Based upon our last correspondence of July 14, 2010, I am making an offer on the Debtor's one half interest in 1251 Surrett Dr. property of $133,400.00. This offer is subject to my closing a loan of this amount successfully and also subject to the Bankruptcy Court providing good title.

Thank you and please keep me appraised of the proceedings.

Best regards,

*[signature]*

John R. Raines

*Exhibit 1*

# HYLTON - CROWDER & ASSOCIATES, INC.

APPRAISERS • CONSULTANTS • REALTORS

132 EAST PARRIS AVENUE • P.O. BOX 5174
HIGH POINT, NORTH CAROLINA 27262
336 / 882-0131
FAX 336 / 882-0135

RON D. CROWDER, SRPA
GERRY C. CROWDER, SRA
MOLLY M. CHISHOLM

July 6, 2010

Hulin Raines
c/o John Raines
P.O. Box 2553
High Point, NC 27261

Re: 1251 Surrett Drive
    High Point, NC 27260

Dear Mr. Raines:

At your request, I have re-inspected the above captioned property and researched the local market in order to estimate the current market value of the subject property. The interest appraised is fee simple, subject to the normal restrictions of ownership, those being escheat, police power, taxes, and eminent domain. The interest appraised is also subject to current market conditions.

Market value is defined as: "The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably, and assuming the price is not affected by undue stimulus." Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:

a.  buyer and seller are typically motivated;

b.  both parties are well informed or well advised, and each acting in what they consider their own best interests;

c.  a reasonable time is allowed for exposure in the open market;

d.  payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and

e.  the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

*Exhibit 2*

Mr. Raines
Page 2
July 6, 2010

The effective date of valuation for the subject property is the date of inspection on July 1, 2010.

The subject property consists of a 4.63 acre site located on the east side of Surrett Drive as it intersects with the ramp of Highway 29-70, now Business 85 along subject's site's southern border inside the city limits of High Point in High Point township, Guilford County, North Carolina. The site has been improved with a one story single occupant industrial/office/warehouse/manufacturing building containing a total of 30,800 square feet that was occupied on date of inspection/appraisal by Atlantic Photographics, Inc. Zoning is LI, Light Industrial. Tax reference is Guilford County tax parcel number 180000790000100014. Legal description is reference to metes and bounds description in Guilford County Deed Book 3852 at page 71. NOTE: Please refer to prior appraisal on the subject property in narrative summary report format previously submitted to you on February 11, 2009 with an effective date of appraisal of February 4, 2009 for a more detailed description of the subject property.

Highest and best use is subject's current use as a single occupant industrial office/warehouse/manufacturing building. The Cost Approach is not used due to age of improvements and difficulty in estimating accurately physical depreciation. Also, most purchasers would have very little if any interest in the Cost Approach. They would be more interested in resale price and competitive sales and listings (reflected in the Sales Comparison Approach) and income potential (reflected in the Income Approach) rather than cost. Also, most appraisers would not consider the Cost Approach to be an important or applicable approach to value. Even if the Cost Approach were used, it would not change the value estimate. The Sales Comparison and Income Approaches are used in the value estimate of the subject property.

The subject property has not been sold within 3 years of date of appraisal. There is no known current agreement of sale, option, or listing of the subject property.

Per request, I have been asked to provide an appraisal in a restricted brief letter format only at this time. It should be understood that this report only constitutes a statement of the value estimate with a brief description of the subject property and value is based upon additional data in my files. Should you require a more complete detailed appraisal in the future, I would be pleased to provide this service. The data retained in my files is incorporated herein by reference and is an integral part hereof.

Since this report is in letter (restricted) brief format, it is for only your and your accountant's information and purpose at this time to determine value. By itself, this letter does not provide enough details of description and analysis for a third part unfamiliar with the property to draw a good conclusion as to how the value was arrived. Also, most third party users would require a more detailed report with more description of the subject and the data for comparable properties and analysis used in the value estimate. Therefore the scope of this letter report is very limited and restricted. However, appraiser has more description, market data, and analysis in file to

Mr. Raines
Page 3
July 6, 2010

substantiate the value conclusion. Included in the scope of this appraisal is a personal inspection of the site and improvements. Value is based on the property in its "as is" existing condition as of date of appraisal. Interest appraised is fee simple interest. The intended users are client, Hulin Raines, and other related parties with client's permission. Intended use is to estimate market value for bankruptcy purposes or other client's needs.

Based upon my analysis of the property and the existing demand for similar properties in the market area, it is my opinion that the estimated market value of the fee simple interest of the subject property, located at 1251 Surrett Drive, High Point, NC 27260, in its present "as is" existing condition, as of July 1, 2010 was $425,000. Note: This value represents a decrease from prior market value estimate as of February 4, 2009 of $485,000 due to continuing decline in demand and value for industrial real estate like the subject property. Also, please note that this $425,000 market value estimate assumes normal market conditions with willing buyer, willing seller, not under any duress with normal marketing time which in subject's case would be 6 to 12 months. If the subject property were to be a forced liquidation, quick sale, the sales price/value would most likely be reduced by as much as 20% to 25% +/-.

I hereby certify that I have inspected this property and found it to be as stated in this report. To my best knowledge and belief, all statements and information in this report are true and correct with no important facts withheld. Neither my employment nor compensation are contingent upon the amount of valuation reported.

If further clarification or information is desired, please do not hesitate to contact my office. It has been my pleasure to provide this appraisal service for you.

Sincerely,

Hylton-Crowder and Associates, Inc.

Ron D. Crowder, SRPA
President
NC Certified General Real
Estate Appraiser – A1556

RDC/ob

## ASSUMPTIONS and LIMITING CONDITIONS

This appraisal and the certification are made expressly subject to the following assumptions and limiting conditions and any special limiting conditions contained in the letter which are incorporated herein by reference:

The property description and survey furnished to us is assumed to be correct. We assume no responsibility for matters legal in character nor do we render any opinion as to the title, which is assumed to be good. Unless otherwise specified, all existing liens and encumbrances have been disregarded and the property appraised as though free and clear.

The value estimated is based upon the purchasing power of the dollar as of July 1, 2010.

Any exhibits are included to assist the reader in visualizing the property. We have made no survey of the property, and assume no responsibility in connection with such matters.

The land, particularly the soil, of the area appraised appears firm and solid. Subsidence in the area is unknown of uncommon but we do not warrant against this condition or occurrence. Neither sub-surface nor air rights were considered in this appraisal.

We believe to be reliable any information in this report furnished to us by others, but we assume no responsibility for its accuracy.

Possession of this report or copy thereof does not carry with it the right of publication nor does it obligate the appraiser to appear in court, commission or any other capacity unless arrangements are subsequently made. Neither all nor any part of the contents of this report shall be conveyed to the public through advertising, public relations, news, sales, or other media, without the written consent and approval of the appraiser, particularly as to valuation conclusions, or to the identity of the appraisers or appraisal firm represented, or any reference to any appraisal organization or appraisal designation.

By acceptance of this report, the client agrees that this appraisal, its findings, or any part thereof will not be quoted of context. It is also agreed that this appraisal report is the property of the client and its contents and/or findings will not be disclosed by the appraiser except by express direction of the client or due process of law.

## CERTIFICATION

I certify that, to the best of my knowledge and belief:

1) The statements of fact contained in this report are true and correct.

2) The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3) I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

4) I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5) My engagement in this assignment was not contingent upon developing or reporting predetermined results.

6) My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7) The reported analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the requirements of the Code of Professional Ethics & Standards of Professional Appraisal Practice of the Appraisal Institute, which include the Uniform Standards of Professional Appraisal Practice.

8) The use of this report is subject to the requirements of the Appraisal Institute relating to review by its duly authorized representatives.

9) I have made a personal inspection of the property that is the subject of this report.

10) No one provided significant real property appraisal assistance to the person signing this certification.

11) I have appraised this property in the last 3 years.

As of the date of this report, I, Ron D. Crowder, have completed the continuing education program of the Appraisal Institute.

_____
Ron D. Crowder, SRPA

July 6, 2010
Date

## PHOTOGRAPH OF SUBJECT PROPERTY



View of Subject Property

# LENARD E. SCHWARTZER
## UNITED STATES BANKRUPTCY COURT PANEL TRUSTEE

2850 SO. JONES BLVD. STE., 1
LAS VEGAS, NV 89146
TELEPHONE (702) 307-2022
FAX (702) 974-0976

---

July 14, 2010

John R. Raines
1251 Surrett Drive
High Point, NC 27260

RE:   James and Michelle Hulin
      BK 09-23231 LBR

Dear Mr. Raines:

Based upon the information you gave me, it would appear that the appropriate minimum price for the Debtors' one-half interest in 1251 Surrett Drive should be $133,437.

I calculated this as follows:

| | |
|---|---|
| July 1, 2010 Appraisal | $425,000 |
| Less 25% reduction for quick sale | $106,250 |
| Likely sales price | $318,750 |
| less 10% costs of sale | $ 31,875 |
| | $286,875 |
| Less mortgage payoff | $ 20,000 |
| | $266,875 |
| 50% | $133,437 |

I can "sell" this to the Bankruptcy Court. The alternative would be to offer the entire property for sale and split the proceeds with you.

Very truly yours,

LENARD E. SCHWARTZER
Trustee

LES:lb

*Exhibit 3*